UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY AARON, #275291,

        CIVIL ACTION NO. 12-14866

        Plaintiff,

        DISTRICT JUDGE JOHN CORBETT O'MEARA

v.

        MAGISTRATE JUDGE R. STEVEN WHALEN

JOHN TYLUKI, et al.,

        Defendants.

_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR PERMISSION TO CONTACT
WITNESSES WITH MODIFICATIONS [Doc. #46]**

On November 12, 2012, Plaintiff, a Michigan Department of Corrections ("MDOC") inmate presently housed at the Chippewa Correctional Facility ("URF"), brought suit pursuant to 42 U.S.C. 1983, alleging retaliation by Defendants in response to the assertion of his First Amendment rights during his confinement at the G. Robert Cotton Correctional Facility ("JCF"). On August 30, 2013, the District Court denied Defendants' motion for summary judgment. [Doc. #26]. While on October 4, 2013, Plaintiff's motion for appointment of counsel was conditionally granted, counsel has not been appointed as of the date of this order.

      Currently before the Court is Plaintiff's motion to request permission to contact other prisoners who would be potential witnesses in the current action, noting that the proposed witnesses are currently housed at MDOC institutions other than URF. [Doc. #46], ¶ 2-8. Plaintiff requests permission to contact six prisoners and two MDOC employees, all of whom

worked in the JCF chow hall along with him at the time of alleged constitutional violations. *Id.* at pg. 3. He also requests that Defendants' counsel, from the Michigan Attorney General's Office, provide him with the addresses of six inmates who he says have information regarding this case. Defendants have not filed a response to Plaintiff's motion.

I recognize that discovery and investigation is challenging for *pro se* prison inmates. I have considered construing Plaintiff's motion as a request for leave to depose potential witnesses by written questions pursuant to Fed. R. Civ. P. 31. Because he is currently incarcerated, he is required to obtain leave of the Court to conduct such depositions. Rule 31(a)(2)(B). However, use of this method by a *pro se* prison inmate poses significant logistical and financial hurdles, as described by Judge Illston in the Northern District of California in *Lopez v. Horel*, 2007 WL 2177460, *2, fn. 2 (N.D. Cal. 2007):

> "The deposition upon written questions procedure may sound like an inexpensive way for a prisoner to do discovery but usually is not. A deposition upon written questions is covered by Rule 31 of the Federal Rules of Civil Procedure. The deposition upon written questions basically would work as follows. The prisoner would send out a notice of deposition that identifies (a) the deponent (i.e., the witness), (b) the officer taking the deposition, (c) a list of the exact questions to be asked of the witness, and (d) the date and time for the deposition to occur. The defendant would have time to send to the prisoner written cross-examination questions for the witness, the prisoner would then have time to send to defendant written re-direct questions for the witness, and the defendant would have time to send to the prisoner written re-cross-examination questions for the witness. When all the questions-without any answers-are ready, the prisoner would send them to the deposition officer and the officer would take the deposition of the witness. (The deposition officer can be any person authorized by law to administer oaths, *see* Fed.R.Civ.P. 28(a), such as a notary public and need not be a court employee.) The questions are read by the deposition officer, the responses are reported by a court reporter and the transcript is prepared as it would be for an oral deposition. The deposition officer does not stray from the written script of questions and asks only those questions that are on the list

-2-

from the prisoner and defendant. To depose a non-party on written questions, that witness must be subpoenaed. To obtain a deposition upon written questions, the prisoner thus has to pay the witness fee, deposition officer fee, court reporter fee, and the cost of a transcript of the proceedings. The procedure is not much cheaper than an oral deposition unless there are substantial travel expenses that would be incurred to bring the witness to the prisoner or the prisoner to the witness. In addition to the cost, the evidence-gathering ability in such a deposition is quite limited. The requirement that the questions all be written and shared in advance means that there is no opportunity for follow-up questions when a witness makes a statement that is unexpected. Poorly worded questions will often result in useless answers-a problem that makes procedure particularly difficult for an unrepresented litigant."

Recognizing these difficulties with Rule 31 depositions upon written questions, other courts have found that in prisoner cases, written interrogatories are a sufficient and more practical mode of discovery. *See Eggleston v. Mitchell* 2013 WL 5351053, *5-6 (M.D.Pa. 2013); *LaBounty v. Coombe,* 1996 WL 30291, *1 (S.D.N.Y.1996) ("Rule 31 of the Federal Rules of Civil Procedure allows for depositions upon written questions. The preference in this District in *pro se* prisoner actions is for interrogatories rather than depositions of defendants." *citing McConnell v. Pepp,* 1991 WL 50965, *1 (S.D.N.Y.1991) ( "Considering that plaintiff is an incarcerated prisoner proceeding *in forma pauperis,* we believe that the service of interrogatories by plaintiff is a more practical means of discovery.")).

In the present case, however, the other inmates from whom Plaintiff seeks information are not parties, and therefore not subject to interrogatories under Rule 33.

This leaves the option of Plaintiff requesting and receiving affidavits from the other inmates. I note that Plaintiff has already obtained detailed written declarations from Stephen Cochran and Rossi Maclin, two of the inmate-witnesses. *See* Doc. #47 and Doc. #48.

-3-

Declarations from the other four inmates would likely be cumulative, and thus there is an insufficient basis at this point to disregard MDOC regulations restricting inmate-to-inmate correspondence. In addition, Plaintiff's Renewed Motion for Appointment of Counsel [Doc. #27] was conditionally granted [Doc. #30]. The Court will make one more attempt to secure *pro bono* counsel for Plaintiff, and if that attempt is successful, counsel can pursue additional discovery on Plaintiff's behalf.

As to the two MDOC employees (John Morris and John Stout), Plaintiff is free to contact them via mail at the facility where they are employed. (At the time of the incidents alleged in the complaint, they were employed at the Cotton Correctional Facility).

Accordingly, Plaintiff's motion requesting permission to contact witnesses [Doc. #46] is DENIED.


s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: March 31, 2015


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on March 31, 2015, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager