UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY AARON, #275291,

        Plaintiff,

v.

JOHN TYLUKI, et al.,

        Defendants.
_____/

CIVIL ACTION NO. 12-14866

DISTRICT JUDGE JOHN CORBETT O'MEARA

MAGISTRATE JUDGE R. STEVEN WHALEN

**ORDER**

    Currently before the Court is Plaintiff Jeffrey Aaron's ("Plaintiff's") May 21, 2015 motion to compel discovery [Docket #57]. Plaintiff, a Michigan Department of Corrections ("MDOC") inmate alleging retaliation by prison official in violation of the First Amendment pursuant to 42 U.S.C. 1983, alleges that Defendants' responses to the discovery requests were incomplete. *Docket #57,* Page ID 468-482. For the reasons set forth below, Plaintiff's motion is GRANTED in part and DENIED in part.

    **A. Fed. R. Civ. P. 33(a)(1)**

    Plaintiff alleges, in effect, that Defendants erroneously concluded that his September 4, 9, 2014 interrogatories had exceeded the 25 interrogatories allowed under the Federal Rules of Civil Procedure 33(a)(1). *Docket #57,* Page ID 469. Defendants admit that they they initially mistook duplicate discovery requests for new interrogatories. *Response, Docket*

*#59,* Page ID 640-641. They state that after discovering their mistake they agreed to respond to the disputed interrogatories. *Id., Docket #57,* Page ID #474-479. Accordingly, Plaintiff's request is DENIED as moot.

### B. Plaintiff's Second Request for Production of Documents

Defendants state that a number of documents requested by Plaintiff on August 24, 2014 do not exist. *Docket # 59,* Page ID 641, *Docket #57,* Page ID 474-79. Because Defendants are unable to produce non-existent documents, Plaintiff's Requests Nos. 1-4, 6, 11-12 are DENIED. As to Request No. 8, Defendants note that Plaintiff already has access to MDOC policy directives and operating procedures. *Docket #59,* Page ID 644, *Docket #57,* Page ID #477. For this reason, Request No. 8 is DENIED.

In contrast, Request No. 9, which asks for a list of workers who were allowed to keep their kitchen jobs despite major misconduct tickets, goes to the heart of Plaintiff's claim that he was retaliated against for asserting his constitutional rights, and at a minimum is reasonably calculated to lead to the discovery of relevant evidence. Fed. R. Civ. P. 26(b). Plaintiff's motion to compel a list of kitchen employees between June 1, 2011 and August 1, 2011 who were allowed to keep their jobs either pending the outcome of a misconduct ticket or after a guilty finding will be GRANTED. Likewise, Request No. 10, which asks for Plaintiff's own statement submitted to a hearings investigator pertaining to another kitchen worker's misconduct ticket could reasonably lead to the discovery of relevant evidence and is GRANTED.

### C. Plaintiff's Third Request for Production of Documents

Defendants state that the requested "sign-in sheets" created between April 2, 2011 and August 22, 2011 no longer exist pursuant to the MDOC's "normal retention schedule." *Docket #59,* Page ID 646, *Docket #57,* Page ID 480, 624-625.  As such, this request, made on November 20, 2014 is DENIED

### D. Plaintiff's Fourth Request for Production of Documents

Defendants contend that Plaintiff's March 16, 2015 request for a list of grievances filed against Defendants James Tyluki and Dean Dyer while they worked in food service should be denied for multiple reasons.  First, they note that prisoner grievances are "notoriously unreliable" and that many prisoners file "vexatious" and meritless grievances for the sole purpose of laying "the groundwork for future litigation." *Docket #59,* Page ID 646-647.  Second, they note that such evidence would be inadmissible under Fed. R. Evid. 404(b).  While the question of whether such evidence is admissible does not automatically foreclose its discovery under Fed. R. Civ. P. 26(b), Plaintiff has not shown how the grievances would be like to lead to the discovery of relevant evidence.  This request is DENIED.

For these reasons, Plaintiff's Motion to Compel [Docket #57] is GRANTED in part and DENIED in part.

IT IS SO ORDERED.

                                                 /s/R. Steven Whalen  
                                                 R. STEVEN WHALEN  
                                                 U.S. MAGISTRATE JUDGE

Date: July 7, 2015

Certificate of Service

I certify that a copy of this order was served upon parties of record on July 7, 2015 via electronic or postal mail.

                                               /s/A. Chubb  
                                               DEPUTY CLERK