UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY AARON, #275291,

        Plaintiff,

v.

JOHN TYLUKI, et al.,

        Defendants.
_____/

CIVIL ACTION NO. 12-14866

DISTRICT JUDGE JOHN CORBETT O'MEARA

MAGISTRATE JUDGE R. STEVEN WHALEN

**OPINION AND ORDER DENYING MOTION FOR NEW TRIAL [Doc. #95]**

This case was tried to a jury on Plaintiff Jeffrey Aaron's First Amendment claim of retaliation by Michigan Department of Corrections employees John Tyluki and Dean Dyer. On December 8, 2016, the jury found no cause of action, and on January 17, 2017, the Court entered judgment in favor of the Defendants. Before the Court is Plaintiff's Motion for New Trial under Fed.R.Civ.P. 59 [Doc. #95]. For the reasons discussed below, the Motion will be DENIED.

**I.    Plaintiff's Motion**

In his motion, Plaintiff "asserts that based on his overwhelming evidence and witnesses a different outcome should [have] been given." He argues that the verdict was against the great weight of the evidence:

> "Plaintiff contends that the jury based their verdict off the belief that a prisoner has no rights and the even if all of what they heard during testimony is true, Plaintiff believes that they based their verdict because he

his a prisoner. 'Because the verdict was against the great weight of the evidence.'"

## II. Standard of Review

Fed.R.Civ.P. 59(a) provides that following a jury verdict, the court may grant a new trial "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." In *Montgomery Ward & Co. v. Duncan,* 311 U.S. 243, 251, 61 S.Ct. 189, 85 L.Ed. 147 (1940), the Supreme Court held that "motion for new trial may invoke the discretion of the court in so far as it is bottomed on the claim that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the moving party." The grant or denial of a motion for new trial under Rule 59(a) is addressed to the court's broad discretion, *J.C. Wyckoff & Assoc. v. Standard Fire Ins. Co.,* 936 F.2d 1474, 1487 (6th Cir.1991) (quoting *Logan v. Dayton Hudson Corp.,* 865 F.2d 789, 790 (6th Cir.1989)).

However, where a Rule 59 motion asks a court to set aside or modify a jury verdict that was grounded in properly admitted evidence, a court must proceed cautiously, with due deference to the parties' Seventh Amendment right to a jury trial. In *Duncan v. Duncan,* 377 F.2d 49, 54 (6th Cir.1967), the Sixth Circuit cautioned:

> "Where no undesirable or pernicious element had occurred or been introduced into the trial and the trial judge nonetheless grants a new trial on the ground that the verdict was against the weight of the evidence, the trial judge in negating the jury's verdict has, to some extent at least, substituted his judgment of the facts and the credibility of the witnesses for that of the jury. Such an action effects a denigration of the jury system and to the extent that new trials are granted the judge takes over, if he does not usurp,

the prime function of the jury as the trier of facts."

(quoting *Lind v. Schenley Indus., Inc.,* 278 F.2d 79, 90 (3d Cir.1960) (en banc)).

Likewise, the Sixth Circuit in *Denhof v. City of Grand Rapids,* 494 F.3d 534, 543-44 (6th

Cir.2007), stated:

> "In considering a motion for a new trial on the ground that the verdict is against the weight of the evidence, the court is not to set aside the verdict simply because it believes that another outcome is more justified.... The court is to accept the jury's verdict if it is one which reasonably could have been reached.... To put it more succinctly, this court will overturn a grant of a motion for a new trial on the basis that the verdict was against the weight of the evidence where it is clear that the jury verdict was reasonable." (Citations and internal quotes omitted).

### III.  Discussion

This case was well-tried by both sides, and Plaintiff was well represented by competent and experienced counsel.[1]  It is understandable that Plaintiff is disappointed in the verdict.  However, his claim that the jurors were biased against him because he is a prison inmate, and that they found against him on that basis rather than on the evidence, is purely speculative.  During voir dire, the jurors were thoroughly questioned about their ability to be fair and impartial regardless of the fact that the Plaintiff was a prisoner, and all agreed with the proposition that prison inmates are entitled to the constitutional protections of the First Amendment in the context of the retaliation claim.  At the conclusion of the proofs and of closing arguments, the jury was properly instructed on the

---

[1] Plaintiff has filed the present motion *pro se*.

law, and Plaintiff raised no objections to those instructions. Quite simply, the jury was tasked with resolving a credibility contest between the Plaintiff and Defendants Tyluki and Dean.

The jury heard Plaintiff's testimony as well as the testimony of the Defendants and of other inmates. The jury weighed the evidence and by its verdict concluded that the testimony of the Defendants was more credible, and that the Defendants did not retaliate against the Plaintiff in violation of the First Amendment. In other words, the verdict was supported by evidence the jury found to be credible. In a separate case involving Plaintiff Aaron, *Aaron v. Dyer*, 2017 WL 3601942, at *2 (E.D. Mich. Aug. 22, 2017)(Roberts, J.), Judge Roberts explained as follows:

> "When deciding a motion for new trial on the ground that the verdict is against the great weight of the evidence, the Court may not set aside the verdict simply because it believes another outcome is more justified. *Denhof v. City of Grand Rapids*, 494 F.3d 534, 543 (6th Cir. 2007). Moreover, "[c]ourts are not free to reweigh the evidence and set aside the jury verdict[ ] merely because the jury could have drawn different inferences or conclusions or because [the] judge[ ] feel[s] that other results are more reasonable." *Bruner v. Dunaway*, 684 F.2d 422, 425 (6th Cir. 1982) (citation omitted). Rather, the Court must "uphold the verdict if it was one which the jury reasonably could have reached." *Armisted v. State Farm Mut. Auto. Ins. Co.*, 675 F.3d 989, 995 (6th Cir. 2012). Because of this, "granting a new trial on this ground is a rare occurrence—it happens only when the verdict is said to be unreasonable." Id."

Likewise here, the jury reached a reasonable verdict based on competent evidence. That the Plaintiff or even this Court might think that another result would have been more reasonable is beside the point. The Plaintiff has not offered any facts or argument other

than speculation that would support granting a new trial under Rule 59(a).

## IV. Conclusion

Accordingly, Plaintiff's Motion for New Trial [Doc. #95] is DENIED.

IT IS SO ORDERED.


                                                  s/ R. Steven Whalen
                                                R. STEVEN WHALEN
                                                UNITED STATES MAGISTRATE JUDGE

Dated: September 30, 2017


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on September 30, 2017, electronically and/or by U.S. mail.

                                                  s/Carolyn M. Ciesla
                                                Case Manager to the
                                                Honorable R. Steven Whalen